IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| B & K MECHANICAL, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 03-4149-RDR |
| | ) |
| MARK WIESE and FORREST | ) |
| MARTINSON d/b/a CONTRACT | ) |
| WELDING, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the court upon the motion of Plaintiff, B & K Mechanical, Inc., to compel Defendant Mark Wiese to produce certain documents requested in discovery (Doc. 115). Specifically, Plaintiff moves the court for an order compelling Defendant Wiese to produce documents requested in plaintiff's first request for production, Nos. 10 and 12. Defendant Wiese has filed a response in opposition to plaintiff's motion (Doc. 122), to which plaintiff has filed a reply (Doc. 126). The issue is, therefore, fully-briefed and ripe for decision. For the reasons set forth below, plaintiff's motion to compel shall be granted.

**I.     The Parties' Arguments**

Plaintiff seeks an order compelling defendant Wiese to fully respond to the following requests for production:

REQUEST NO. 10: All bank statements and brokerage account statements from 1999 through 2004 for all bank accounts, and brokerage accounts maintained by Mark Wiese personally, or any business entity in which Mark Wiese has, or had, an interest either as an owner, shareholder, member, director, officer, or employee, including copies of deposits and canceled checks associated with such statements.

REQUEST NO. 12: All accounting records and their supporting documentation from 199 through 2004 relating to Mark Wiese personally, or any business entity in which Mark

Wiese has, or had, an interest either as an owner, shareholder, member, director, officer, or employee.[1]

Defendant Wiese contends that he has fully responded to plaintiff's requests with all of the items in his possession, that any further records are not within defendant Wiese's possession, custody, or control, and that plaintiff's motion is untimely, in that it was filed on February 28, 2005, more than 30 days after defendant Wiese served his supplemental response to plaintiff's first request for production on January 3, 2005, without any good cause being shown for the delay.

Plaintiff contends that defendant Wiese has not fully responded to its requests because any additional responsive documents would be within defendant Wiese's control. Plaintiff further contends that good cause exists for the timing of its motion due to the time required for plaintiff's counsel to review defendant Wiese's discovery responses in order to determine they were incomplete.

## II. Discussion

### A. Standards

Fed. R. Civ. P. 34 controls the procedure for a party to request the production of documents and provides in relevant part:

> (a) Scope. Any party may serve on any other party a request (1) to produce and permit the party making the request, or someone acting on the requestor's behalf, to inspect and copy, any designated documents (including writings, drawings, graphs, charts, photographs, phonorecords, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form), or to inspect and copy, test, or sample any tangible things which constitute or contain matters within the scope of Rule 26(b) and which are in the *possession, custody or control* of the party upon whom the request is served . . . .[2]

---

[1] Plaintiff's Motion to Compel (Doc. 10), at p. 2 & Ex. 1, p. 5.

[2] Fed. R. Civ. P. 34(a) (emphasis added).

"[C]ontrol comprehends not only possession but also the right, authority, or ability to obtain the documents."[3] Therefore, Rule 34(a) enables a party seeking discovery to require production of documents beyond the actual possession of the opposing party if such party has retained "any right or ability to influence the person in whose possession the documents lie."[4]

This broad definition of control under Fed. R. Civ. P. 34 was signaled by the Supreme Court in *Société Internationale v. Rogers*, where the Court held that compliance with a Rule 34 request for a party's documents held by the party's Swiss bank was not excused merely because the turnover of such documents would violate foreign law.[5] The Supreme Court distinguished between the situation before it from an actual inability to produce "where documents required by a production order have ceased to exist or have been taken into the actual possession of a third person not controlled by the party ordered to produce, and without the party's complicity."[6]

Fed. R. Civ. P. 37 permits a party to file a motion to compel to enforce a request for production "if a party, in response to a request. . . submitted under Rule 34, fails to respond. . . as requested . . . ."[7] Such a motion "must include a certification that the movant has in good faith conferred or attempted to

---

[3] *Comeau v. Rupp*, 810 F. Supp. 1127, 1166 (D. Kan. 1992); *see also McCoo v. Denny's, Inc.*, 192 F.R.D. 675, 692 (D. Kan. 2000); *Pulsecard, Inc. v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 307 (D. Kan. 1996).

[4] *Lone Star Steakhouse & Saloon, Inc. v. Liberty Mutual Insurance Group, et. al.*, 2003 U.S. Dist LEXIS 12160, * 5-6. (D. Kan. June 4, 2003).

[5] 357 U.S. 197, 204 (1958).

[6] *Id.*

[7] Fed. R. Civ. P. 37(a)(2)(A).

confer with the person or party failing to make the discovery in an effort to secure the information or material without court action.'[8]

"Any motion to compel discovery. . . shall be filed and served within 30 days of the default or service of the response, answer or objection which is the subject of the motion, unless the time for filing such motion is extended for good cause shown."[9]  "Otherwise, the objection to the default, response, answer, or objection shall be waived."[10]  "Extensions will not be granted unless the motion is made before the expiration of the specified time, except upon a showing of excusable neglect."[11]  "Courts consider four factors to determine excusable neglect: (1) danger of prejudice to the nonmoving party; (2) length of the delay and its potential impact on judicial proceedings; (3) reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith."[12]

### B. Analysis

The court will first examine whether plaintiff has met the requirement of conferring or attempting to confer in good faith prior to filing the instant motion to compel.  Plaintiff served its first request for production of documents upon defendant Wiese on March 19, 2004.  Defendant Wiese partially

---

[8] *Id. See also* D Kan. Rule 37.2 ("The court will not entertain any motion to resolve a discovery dispute pursuant to Fed. R. Civ. P. 26-37. . . unless counsel for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion.")

[9] D. Kan. Rule 37.1(b).

[10] *Id.*

[11] D. Kan. Rule 6.1(a).

[12] *Walls v. Int'l Paper Co.*, 192 F.R.D. 294, 295 (D. Kan. 2000).

4

responded to the request on May 14, 2004, omitting responses to request Nos. 10 and 12. At that time, the parties apparently engaged in negotiations related to the production of the items at issue, and the correspondence included with plaintiff's motion to compel reflects an agreement that defendant Wiese would provide responses to the request numbers at issue once he had received tax and financial information from plaintiff.[13] It is not clear from this correspondence that defendant Wiese ever agreed to provide *all* documents sought by plaintiff's request Nos. 10 and 12; however, neither is it clear that defendant Wiese was not going do so.

"A 'reasonable effort to confer' means more than mailing or faxing a letter to the opposing party."[14] "It requires that the parties in good faith converse, confer, compare views, consult and deliberate, or in good faith attempt to do so."[15] After reviewing the evidence of the parties' negotiations included as exhibits to plaintiff's motion to compel, the court finds that the parties did engage is a series of interactive good faith communications aimed at resolving their dispute such that plaintiff has satisfied its obligation to confer prior to seeking relief from the court.

Turning next to the issue of the timeliness of plaintiff's motion to compel, plaintiff does not dispute defendant Wiese's contention that the responses, at which plaintiff's motion is directed, were filed more than 30 days prior to the filing of plaintiff's motion. Instead, plaintiff responds that good cause exists for the late filing because it was not advised that defendant Wiese was failing to provide all documents sought

---

[13] *See* Plaintiff's Motion to Compel (Doc. 115), at Ex. 2 & 3.

[14] D. Kan. Rule 37.2.

[15] *Id.*

5

by its request for production as part of his January 3, 2005-supplemental response and had to "sift through hundreds of documents" to determine that the response was incomplete.

As noted above, when a motion is filed after the expiration of the time allowed for its timely filing, the proper standard to determine whether it should be allowed out of time is not a showing of good cause; but rather, a showing of excusable neglect. Therefore, plaintiff's assertion that there is good cause to support its late filing is misdirected. Nonetheless, the court finds that plaintiff's recitation of the reasons for its failure to file its motion within 30 days of the service of defendant Wiese's supplemental response is sufficient to demonstrate excusable neglect.

With regard to the factors for determining excusable neglect described above, the court finds (1) that there is little danger of prejudice to defendant Wiese if the court considers the instant motion because he has not disputed the propriety of plaintiff receiving the requested information, but merely his obligation to provide it; (2) plaintiff's delay in filing the instant motion was minimal and has not impacted subsequent proceedings in the case; (3) plaintiff's proffered reason for the delay, i.e. the necessity of reviewing voluminous discovery before being able to proceed, is reasonable, particularly in light of the brevity of the delay; and (4) there is nothing in the record before the court to suggest that plaintiff delayed the filing due to any bad faith motive, and, in fact, the opposite appears to be the case since the delay is in part attributable to plaintiff's good faith expectation that defendant Wiese's supplemental response would include the information at issue. Based upon this analysis, the court finds that plaintiff's failure to file its motion within 30 days fo the service of defendant Wiese's response was the result of excusable neglect, and it will deem the motion to be timely.

Turning to the merits of the parties' dispute, the parties disagree as to whether defendant Wiese should have to provide additional documents to fully satisfy plaintiff's request for "all bank statements and brokerage account statements from 1999 through 2004" and "all accounting records and their supporting documentation from 1999-2004" relating to defendant Wiese personally, or any business entity in which he has, or had, an interest. As noted above, defendant Wiese does not dispute the propriety of plaintiff's seeking these documents, but he maintains that he has already produced all such information within his possession. Defendant Wiese analogizes the financial records at issue to medical records and states his belief that any such records not in his possession are not within his "possession, custody, or control" for purposes of a Fed. R. Civ. P. 34 request for production. The court does not agree.

By its plain language Fed. R. Civ. P. 34 permits a request for production to seek items in the "possession, custody, *or* control" of a party.[16] Because of the use of the disjunctive, "or", in the listing of the terms, it is clear that an item that meets any one of the three conditions can properly be the subject of a request for production. While defendant Wiese contends that he should not have to provide any responsive documents not in his possession, the concept of control is broader than mere possession. As noted above, "control comprehends not only possession but also the right, authority, or ability to obtain the documents."[17]

---

[16] Fed. R. Civ. P. 34(a) (emphasis added).

[17] *Comeau v. Rupp*, 810 F. Supp. 1127, 1166 (D. Kan. 1992); *see also McCoo v. Denny's, Inc.*, 192 F.R.D. 675, 692 (D. Kan. 2000); *Pulsecard, Inc. v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 307 (D. Kan. 1996).

The party seeking production of documents bears the burden of proving that the opposing party has the control required under Fed. R. Civ. P. 34(a).[18]  However, when the records at issue are, by their nature, of a type that would normally be kept in the business of the producing party, and within that party's control, then the court can presume that the records exist and are within the control of the party unless the party denies their existence under oath.[19]  While defendant Wiese has denied possession of further responsive documents, and that any such documents are under his control, he does not deny that such documents exist.

The documents at issue are financial and accounting records of defendant Wiese or any business entities in which he has, or had, an interest.  It is axiomatic that statements of bank and brokerage accounts are prepared and maintained by the entity holding such accounts, and it is equally clear that an owner of such an account has the ability to obtain such records, even if he does not personally maintain copies of the records in his possession.  Similarly, it is usual and customary for accounting records to be prepared and maintained on behalf of individuals and businesses for the purpose of reporting taxes and other purposes, and for the individual or business to have access to such records.  The court can, and will, presume such records to exist and are within defendant Wiese's control, absent a sworn denial, and will, therefore, grant plaintiff's motion and order defendant Wiese to fully respond to plaintiff's request for production Nos. 10 and 12.[20]

---

[18] *Norman v. Young*, 422 F.2d 470, 472 (10th Cir. 1970).

[19] *See Id.* at 473.

[20] *See Id.*  While there could be an issue with regard to defendant Wiese's control of financial records, not currently in his possession, relating to a business entity in which he no longer has an interest, he has not differentiated any particular records or made any such representation.  Because he

Plaintiff also seeks an award of its reasonable attorney's fees and expenses incurred in filing the instant motion to compel. Federal Rule of Civil Procedure 37(a)(4) provides that if a motion to compel is granted, the court shall:

> after affording an opportunity to be heard, require the party . . . whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

As discussed above, the court finds that plaintiff made adequate good faith efforts to obtain the discovery without court action. However, because defendant Wiese made an effort to provide the requested discovery by producing the responsive documents within his possession, and because the court finds that his justification for withholding further production, while erroneous, was nonetheless held in good faith, the court concludes that an award of expenses is not appropriate in this instance.

While the court declines to order sanctions against defendant Wiese at this time, he should be aware that plaintiff may again seek sanctions should he fail to comply with this, or any, order of the court, or with his obligations under the Federal Rules of Civil Procedure, and that any such noncompliance could result in the imposition of stern sanctions, including, but not limited to, an award of plaintiff's attorneys fees,

---

has simply asserted the blanket contention that any responsive financial records not in his possession are not in his control, without providing any specific reasons why such is the case, describing any failed attempts to obtain such records, or distinguishing any particular records as beyond his ability to obtain for any specific reason, the court can only deal with his assertion in the same generalized fashion he makes it and reject it in its entirety.

an order that certain designated facts beneficial to plaintiff's claim shall be taken as established, or the entry of judgment against him by default.

### III. Conclusion

Based upon the foregoing, the court concludes that plaintiff's motion to compel shall be granted, and that defendant Wiese shall be required to fully respond to plaintiff's request for production Nos. 10 and 12.

**IT IS THEREFORE ORDERED** that the plaintiff's motion to compel (Doc. 115) is hereby granted.

**IT IS FURTHER ORDERED** that defendant Wiese shall, within 14 days of the date of this order, on or before **October 5, 2005**, fully respond to plaintiff's request for production Nos. 10 and 12 by producing to plaintiff:

(1) All bank statements and brokerage account statements from 1999 through 2004 for all bank accounts, and brokerage accounts maintained by Mark Wiese personally, or any business entity in which Mark Wiese has, or had, an interest either as an owner, shareholder, member, director, officer, or employee, including copies of deposits and canceled checks associated with such statements; and

(2) All accounting records and their supporting documentation from 199 through 2004 relating to Mark Wiese personally, or any business entity in which Mark Wiese has, or had, an interest either as an owner, shareholder, member, director, officer, or employee;

that are within his possession, custody, or control, and which have not previously been produced.

**IT IS SO ORDERED.**

Dated this 21st day of September, 2005, at Topeka, Kansas.

                                              <u>s/K. Gary Sebelius</u>
                                              K. Gary Sebelius
                                              U.S. Magistrate Judge