IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

B & K MECHANICAL, INC.,

        Plaintiff,

v.                Case No. 03-4149-RDR

MARK WIESE and FORREST
MARTINSON d/b/a CONTRACT
WELDING,

        Defendants.

## ORDER GRANTING DEFENDANT MARTINSON'S MOTION TO COMPEL

This matter comes before the court on the motion of Defendant Forrest Martinson to compel Plaintiff B & K Mechanical, Inc., to respond to interrogatories (Doc. 152). Specifically, Defendant Martinson moves the court for an order compelling Plaintiff to describe in detail how six checks listed in Plaintiff's Second Supplemental Responses to Defendant Martinson's Interrogatories are a diversion of either money or property from Plaintiff. Plaintiff has filed a response to Defendant Martinson's motion to compel (Doc. 157). This matter has been fully briefed and is now ready for decision.

**Factual Background**

Defendant Martinson served contention interrogatories on Plaintiff in February 2004. The third interrogatory asked Plaintiff to "describe in detail how Forrest Martinson improperly diverted funds from B & K Mechanical." Similarly, the tenth interrogatory asked Plaintiff to "describe in detail how Forrest

Martinson improperly diverted property from B & K Mechanical." In April 2004, Plaintiff responded that insufficient information was currently available to provide a response to Defendant Martinson's third and tenth interrogatories. In late May 2004, Plaintiff supplemented his answers to Defendant Martinson's third and tenth interrogatories.

In May 2005, Plaintiff provided its Second Supplemental Responses to Defendant Martinson's third and tenth interrogatories. In the Second Supplemental Responses, Plaintiff indicated that after invoicing B & K Mechanical $6,000.00 for an ironworker and shop equipment, Defendant Martinson issued a check to Defendant Wiese for $5,800.00 which was soon after endorsed. Plaintiff further indicated that B & K Mechanical was refunded almost five months later because the ironworker was never purchased. Plaintiff additionally referenced five checks written by Defendant Martinson to Defendant Wiese for equipment, including a heat exchanger, propane burners, and curve conveyor, but only indicated that:

> All of these checks were written to Wiese while he was employed by B&K, and appear to be part of a pattern which continued with the checks for the ironworker issued to Wiese on December 13, 2002, by Martinson, where B&K was involved and paid Martinson for goods not actually purchased by Martinson, Martinson retained a portion of the funds, and the remainder of the funds was paid to Wiese.

On June 12, 2005, Defendant Martinson filed the instant motion to compel which seeks Plaintiff to "describe in detail how the six checks listed in their supplemental answers to interrogatories are a diversion of either money or property from plaintiff" (Doc 152). Plaintiff filed a response to Defendant Martinson's motion to compel on July 6, 2005. On the same day, Plaintiff served notice of their Third Supplemental Responses to Defendant Martinson's third and tenth interrogatories.

**Discussion**

Fed. R. Civ. P. 33 addresses the use of interrogatories by the parties in a civil case. Fed. R. Civ. P. 33(a) provides in relevant part that "any party may serve upon any other party written interrogatories . . . to be answered by the party served."[1] "Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for the objection and shall answer to the extent the interrogatory is not objectionable." "Interrogatories may relate to any matters which can be inquired into under [Fed. R. Civ. P.] 26(b)(1) . . . ."[2] Fed. R. Civ. P. 26(b)(1) permits discovery of "any matter, not privileged, that is relevant to any claim or defense of any party."[3] An answering party "has a duty to answer the interrogatory with whatever information he has."

The subject of Defendant Martinson's third and tenth interrogatories is proper as it is relevant to the claim of Plaintiff. Plaintiff does not dispute that Defendant is entitled to the information requested by Defendant Martinson's third and tenth interrogatories. Instead, Plaintiff contends that it's Second Supplemental Responses "provide a full and clear picture of Plaintiff's claims against Defendant Martinson." Plaintiff also contends that its Third Supplemental Responses to Defendant Martinson's Interrogatories "further elaborates on prior responses." The instant motion to compel is directed at Plaintiff's Second Supplemental Responses to Defendant Martinson's third and tenth interrogatories. The court is not in a position to determine if Plaintiff's Third Supplemental Responses to Defendant Martinson's Interrogatories provide full and complete answers to Defendant Martinson's third and tenth interrogatories, and can only

---

[1] Fed. R. Civ. P. 33(a).

[2] Fed. R. Civ. P. 33(c).

[3] Fed. R. Civ. P. 26(b)(1).

3

rule on the motion before it concerning Plaintiff's Second Supplemental Responses.

The court finds that Plaintiff's Second Supplemental Responses to Defendant Martinson's Interrogatories do not describe with particularity how checks issued by Defendant Martinson to Defendant Wiese for supplies and shop equipment constitute a diversion of either funds or property from B & K Mechanical, Inc. Plaintiff did not provide any detailed information evidencing how such checks constitute a diversion of either funds or property from Plaintiff. For these reasons, the court finds Plaintiff's answer in its Second Supplemental Responses to be inadequate and will grant Defendant Martinson's motion to compel. The court finds that Defendant Martinson is entitled to receive full and complete answers to its third and tenth interrogatory.

Defendant Martinson also seeks an award of his reasonable attorney's fees and expenses incurred in filing the instant motion to compel. Fed. R. Civ. P. 37(a)(4)(A) provides that if a motion to compel is granted, the court shall:

> after affording an opportunity to be heard, require the party . . . whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.[4]

In this instance, the court finds that an award of expenses is not appropriate. On January 26, 2005, this court granted Plaintiff's motion to compel Defendant Martinson to respond to discovery requests. Plaintiff indicated that he did not receive all information mandated by the Order granting Plaintiff's motion

---

[4]Fed. R. Civ. P. 37(a)(4)(A).

4

to compel until March 16, 2005.  For this reason, Plaintiff did not have access to information that it reasonably could have needed to fully analyze and make a full explanation how funds and property were diverted from B & K Mechanical, Inc. at the time of the Second Supplemental Responses.  Furthermore, since receiving all items mandated by the motion to compel, Plaintiff has filed a Third Supplemental Response to Defendant Martinson's third and tenth interrogatories, to which Defendant Martinson has apparently not objected.  For these reasons, the court believes that an award of attorney's fees is not warranted in this instance.

**IT IS THEREFORE ORDERED** that the Defendant Martinson's Motion to Compel (Doc. 152) is hereby granted.

**IT IS FURTHER ORDERED** that Plaintiff B & K Mechanical, Inc., shall, within 14 days of the date of this order, on or before **October 5, 2005**, fully comply with all of Defendant Martinson's outstanding discovery request by providing full and complete answers to Defendant Martinson's third and tenth interrogatories, if the Plaintiff has not already so provided.

**IT IS SO ORDERED.**

Dated this 21st day of September, 2005, at Topeka, Kansas.

s/K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge
