## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| B & K MECHANICAL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 03-4149-RDR |
| | ) | |
| MARK WIESE and FORREST | ) | |
| MARTINSON d/b/a CONTRACT | ) | |
| WELDING, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL

This matter comes before the court upon the motion of Plaintiff, B & K Mechanical, Inc., to compel

compliance with a subpoena's served by Plaintiff on Tyson Fresh Meats, Inc. ("Tyson").[1]  (Doc. 131)

Plaintiff requests that the court order Tyson to: 1) produce all documents responsive to numbered requests

1, 2, 4, 7, 8, and 9 of Plaintiff's subpoena served March 19, 2004; and 2) provide Plaintiff with a detailed

list of all documents responsive to numbered requests 6, 10, 11, 12, and 13 of Plaintiff's March 19, 2004-

subpoena, identifying the quantity of the documents and the location.[2]  Tyson responds by asserting that

Plaintiff's subpoenas are invalid because Plaintiff has failed to comply with the requirements of Fed. R. Civ.

---

[1] Plaintiff's Motion to Compel Compliance With Subpoena (Doc. 131), p. 1.

[2] Plaintiff's Reply to Tyson, Inc.'s Opposition to Motion to Compel Compliance With Subpoena ("Reply") (Doc. 149-1), p. 7.  In its motion, Plaintiff initially also requested the court to compel Tyson to identify by location and make available documents responsive to Plaintiff's subpoena to Tyson employee Travis Geary, served May 6, 2004; however, Plaintiff does not renew this request in the prayer for relief included within its reply to Tyson's opposition.  The court, therefore, deems plaintiff to have abandoned its request for an order regarding the May 6, 2004-subpoena to Mr. Geary.

P. 45(a)(2).[3]  Tyson further asserts that it has produced, made available for inspection, or denied the existence of all of the documents requested by Plaintiff.[4]  Tyson also requests, in its response, that the court grant it attorney's fees associated with its opposition of the instant motion pursuant to Fed. R. Civ. P. 45(c)(1).[5]  Plaintiff counters, in its reply, that fees should not be granted because the instant motion is the result of Tyson's "unwillingness to respond to [P]laintiff's requests in an accurate and informative manner."[6]

## I.  Discussion

Fed. R. Civ. P. 26 provides the general provisions governing discovery.  Fed. R. Civ. P. 26(b)(1) provides that the "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party ....  Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."[7]  Fed. R. Civ. P. 34(c) provides that "[a] person not a party to the action may be compelled to produce documents and things or submit to an inspection ..." if properly served with a valid subpoena pursuant to Fed. R. Civ. P. 45.[8] Therefore, Tyson may be required to produce documents to Plaintiff if they are properly served with a valid subpoena requesting relevant documents.  Tyson does not argue the relevancy of the documents sought

---

[3] Tyson, Inc.'s Opposition to Plaintiff's Motion to Compel Compliance With Subpoena (Doc. 137), p.1.

[4] *Id.*

[5] *Id.* at p. 2.

[6] Reply (Doc. 149-1), p. 7.

[7] Fed. R. Civ. P. 26(b)(1).

[8] *See* Fed. R. Civ. P. 34(c).

by the March 19, 2004-subpoena served on Tyson.  Thus, the court will order that Tyson comply with Plaintiff's subpoena if the subpoena was valid.

Fed. R. Civ. P. 45 governs the use of subpoenas in civil cases.  Fed. R. Civ. P. 45(a)(2) states that a "subpoena for production or inspection shall issue from the court for the district in which the production or inspection is to be made."[9]  Where a subpoena requesting production of documents only requires the subpoenaed person to mail or have delivered the desired documents, the place of production is the address to which the documents are to be mailed.[10]  Here, Plaintiff's subpoena served on Tyson was issued from the District of Kansas and required that Tyson mail or have delivered the documents sought to Plaintiff counsel's office, located in Topeka, Kansas.  Thus, the place of production is Topeka, Kansas.  Because the place for production is within the District of Kansas, and the subpoena was properly issued in this district.  "'[T]he person subject to the subpoena is required to produce materials in that person's control *whether or not the materials are located within the District or within the territory within which the subpoena can be served*."[11]  Therefore, the issue has become whether the person served with the subpoena is in "control" of the desired documents.

Tyson contends that Plaintiff's March 19, 2004-subpoena was invalid in that it was issued  from the District of Kansas for production of materials that were not located within the district.  As support for

---

[9] Fed. R. Civ. P. 45(a)(2).

[10] *See Stewart v. Mitchell Transport*, No. 01-2546-JWL, 2002 U.S. Dist. LEXIS 12958, at *8 (D. Kan. July 11, 2002).

[11] *Hay Group, Inc. v. E.B.S. Acquisition Corp.*, 360 F.3d 404, (3rd Cir. 2004) (quoting Fed. R. Civ. P. 45, Committee Notes, 1991 Amendment Subdivision (a)) (emphasis in original).

3

this proposition, Tyson cites to the cases of *Crafton v. U.S. Specialty Ins. Co.*,[12] *Ariel v. Jones,*[13] *Natural Gas Pipeline Co. v. Energy Gathering, Inc.*,[14] *Medtronic Sofamor Danek Inc. v. Osteotech, Inc.*,[15] and *Echostar Comm. Corp. v. News Corp. Ltd.*[16]

A close reading of these authorities, reveals that Tyson's reliance is misplaced.  *Crafton* and *Ariel* do contain dicta to the effect that it is improper for a court to enforce a subpoena issued to a corporation from a court in one state and served upon an agent for service of process for that corporation in that state, when the subpoena seeks production of documents that are not directly controlled by that agent and that are located in another state.[17]  However, neither of these cases address the issue of where production is deemed to occur when a subpoena seeks only the production of documents, and both courts ground their decision not to enforce the respective subpoenas on Fed. R. Civ. P. 45's grant of discretion to a court to quash a subpoena that is unreasonable, oppressive, or creates an undue burden upon the producing entity.[18] While the issues of control and undue burden are important considerations that the court will examine further later in this discussion, the fact remains that these cases do not stand for the proposition that the

---

[12] 218 F.R.D. 175 (E.D. Ark. 2003).

[13] 693 F.2d 1058 (11th Cir. 1982).

[14] 2 F.3d 1397 (5th Cir. 1993).

[15] No. 99-2656-CV, 2002 WL 1482529 (W.D. Tenn. Jan. 7, 2002).

[16] 180 F.R.D. 391 (D. Colo. 1998).

[17] *See Ariel*, 693 F.2d at 1060-61; *Crafton*, 218 F.R.D. at 177.

[18] *See Ariel*, 693 F.2d at 1060-61; *Crafton*, 218 F.R.D. at 177.

District of Kansas was not the place of production for documents sought by Plaintiff's March 19, 2004-subpoena.

*Natural Gas Pipeline Co.* presents an odd contrast in that it does stand for the proposition that a court in one district cannot issue a subpoena for the production of documents located in another district under Fed. R. Civ. P. 45; however, the court in that case does ultimately conclude that the trial court had some ability to require production of documents under a combination of the Texas rules of practice and the inherent implied powers of the court.[19] Despite that court's statement concluding a court in one district may not order production of documents located in another district, it does so without explanation, without any discussion of where such documents are considered to be produced, and in the context of reviewing a lower court's *order* requiring production of documents by a non-party where no subpoena had actually ever been issued.[20] As such, the court finds this precedent to be of little assistance in evaluating the instant motion to compel.

*Medtronic* involves a review by the Western District of Tennessee of a motion to compel enforcement of subpoenas issued in that district to non-parties in California for production of documents by mail to a law firm address in Minnesota.[21] The *Medtronic* court denies the motion to compel stating, "[t]he subpoenas should have issued from the appropriate district court in Minnesota, the place designated for production, rather than the Western District of Tennessee."[22] Thus, *Medtronic* actually supports the

---

[19] *See Natural Gas Pipeline Co.*, 2 F.3d at 1406-09.

[20] *See Id.* at 1406.

[21] *See Medtronic*, No. 99-2656-CV, 2002 WL 1482529 at *1.

[22] *Id.*

proposition that Plaintiff's instant subpoena was properly issued in the District of Kansas for production of documents by mail in this district.

Similarly, in *Echostar*, the District of Colorado reviewed a motion to compel to enforce subpoenas issued in that district to two non-party corporations with principal places of business outside that district where production was to be made in Georgia for one subpoena and New Jersey for the other.[23]   The *Echostar* court found the subpoenas at issue to be invalid because they were not issued from the states where documents were to be produced.

> The rule requires that subpoenas "shall" issue from the court for the district in which the production or inspection is to be made.  Fed. R. Civ. P. 45(a)(2).  Echostar did not comply with the mandates of this rule, and failed to obtain the issuance of subpoenas from the states where production of materials were to be obtained from Cox and GE Americom.  I find that the subpoenas which were issued upon Cox and GE Americom are invalid.[24]

While there is dicta in *Echostar* regarding the burdensomeness of production of documents in states other than where the documents were located, the holding in the case is grounded in the requirement that a subpoena issue from the district in which the documents are to be produced.[25]

"Rule 45 expressly provides that a subpoena may require the production of 'designated books, documents or tangible things' in the possession, custody, or control of subpoenaed individual or entity.'"[26]  The reference to documents or tangible things within the producing party's "possession, custody, or

---

[23] *Echostar*, 180 F.R.D. at 396.

[24] *Id.* at 397.

[25] *See Id.* at 396-97.

[26] *Stewart*, 2002 U.S. Dist. LEXIS at *13 (quoting Fed. R. Civ. P. 45(a)(1)).

control" mirrors the language from Fed. R. Civ. P. 34 with regard to requests for production from a party.[27] "'The federal courts have universally held that documents are deemed to be within the possession, custody or control of a party for purposes of Rule 34 if the party has actual possession, custody or control of the materials or has the legal right to obtain the documents on demand.'"[28] "Production of documents in a party's possession is required if a party has the practical ability to obtain the documents from another, irrespective of legal entitlement to the documents.'"[29]

In this instance, Plaintiff's March 19, 2004-subpoena was served upon Tyson by certified mail to its registered agent for service of process in Kansas.[30]  Therefore, the issue becomes whether  service of the subpoena via its registered agent constitutes service upon an individual or entity with " possession, custody, or control" of the requested documents. As noted above, the courts in *Ariel* and *Crafton* concluded that service upon an agent that did not directly control the documents sought imposed an undue burden upon the non-party corporation, from whom production was sought.[31]

In *Ariel*, the subpoena in question had been issued to the U.S. Olympic Committee, seeking documents located at its headquarters in Colorado Springs, Colorado, and served upon its registered agent

---

[27] *Compare* Fed. R. Civ. P. 45(a)(1)(c) *with* Fed. R. Civ. P. 34(a).

[28] *Am. Maplan Corp. v. Heilmayr*, No. 00-2512-JWL, 2002 U.S. Dist. LEXIS 993, (D. Kan. Jan. 21, 2002) (quoting *Nat'l Union Fire Ins. Co. v. Midland Bancor, Inc.*, 159 F.R.D. 562, 566 (D. Kan. 1994)).

[29] *Id.*

[30] Plaintiff's Motion to Compel Compliance With Subpoena (Doc. 131), at Ex. A.

[31] *See Ariel*, 693 F.2d at 1060-61; *Crafton*, 218 F.R.D. at 177.

7

in Miami, Florida.[32]  The court in *Ariel*, found that the agent was unlikely to have direct control of the documents at issue, that the Olympic Committee had only minimal contacts with the Southern District of Florida, and that the party seeking production had already sought a subpoena from the District of Colorado, which he later withdrew.[33]  On these findings, the court concluded that the trial court had not abused its discretion in quashing the subpoena on the grounds that it was unduly burdensome and unfair. Similarly, the court in *Crafton*, based its decision to quash a subpoena on it being unduly burdensome to a non-party to produce documents located in another district when service was effected upon an agent that did not have direct possession and control of the documents at issue.[34]

In *In re Motorsports Merchandise Antitrust Litigation*,[35] the Western District of Virginia observed that Fed. R. Civ. P. 45 "is silent with regard to what constitutes proper service of a subpoena upon a corporation."[36]  Consequently, that court looked to the procedures for service of process pursuant to Fed. R. Civ. P. 4 and concluded that service of a subpoena upon a non-party corporation's registered agent was sufficient where the "subpoena came to the attention of the proper corporate representatives" in a timely manner.[37]  This provided the non-party corporation with an opportunity to object to the

---

[32] *See Ariel*, 693 F.2d at 1059.

[33] *Id.* at 160-61.

[34] *Crafton*, 218 F.R.D. at 177.

[35] 186 F.R.D. 344 (W.D. Va. 1999).

[36] *Id.* at 348.

[37] *Id.* at 348-49.

production requested, or file a timely motion to quash, such that when it failed to do so it was deemed to have waived any objection it might have had to the subpoena.[38]

In the case at bar, Tyson does not argue in its response to Plaintiff's motion to compel that enforcement of Plaintiff's March 19, 2004-subpoena would create an unreasonable or undue burden upon it. Rather, it confines it arguments to two main areas–that Plaintiff's subpoena is invalid by virtue of being issued by the wrong court and that it has already produced all documents responsive to Plaintiff's subpoena. As discussed above, there is substantial authority for the proposition that a subpoena requiring the production of documents by mail must be issued by the court in the district where the documents are to be sent.[39] Moreover, Tyson raises its argument that the subpoena is invalid by virtue of being issued in this court for the first time in its response to Plaintiff's motion to compel.

The court will ordinarily not consider any objections that were not made in the response to the subpoena itself.[40] "Ordinarily, the failure to make timely objection to a subpoena duces tecum pursuant to this rule will waive any objection."[41] "In unusual circumstances and for good cause, however, the failure to act timely will not bar consideration of objections."[42] "Such unusual circumstances and good cause may

---

[38] *Id.* at 349-50.

[39] *See, e.g., Stewart v. Mitchell Transport,* No. 01-2546-JWL, 2002 U.S. Dist. LEXIS 12958, at *8 (D. Kan. July 11, 2002); *Medtronic Sofamor Danek, Inc. v. Osteotech, Inc.*, No. 99-2656-CV, 2002 WL 1482529, at *1 (W.D. Tenn. Jan. 7, 2002).

[40] *See U.S. Surgical Corp. v. Orris, Inc.*, No. 96-2300-GTV, 1997 U.S. Dist. Lexis 19467, at *17 (D. Kan. Nov. 17, 1997); *see also Pulsecard, Inc. v. Discover Card Serv., Inc.*, 168 F.R.D. 295, 304 (D. Kan. 1996).

[41] *In re Motorsports*, 186 F.R.D. at 349 (citation omitted).

[42] *Id.* (citation omitted).

9

be shown by a subpoena that is overbroad on its face, a subpoena that would impose significant expense on a nonparty acting in good faith, or contact between counsel for the subpoenaed party and the subpoenaing party prior to the challenge to the subpoena."[43]

In this instance, there does not appear to be any issue of Tyson's appropriate corporate representatives receiving notice of Plaintiff's March 19, 2004-subpoena in time to make a timely response.[44]    Additionally, there has been no argument in the parties' filings that the instant subpoena is overbroad on its face, or that compliance would result in significant expense, and nothing provided to the court suggests contact between the parties prior to service of the subpoena and Tyson's responsive objections.  Accordingly, the court does not find any unusual circumstances or good cause exist to justify entertaining objections that were not made by Tyson in its initial response to Plaintiff's subpoena.

In its April 5, 2004-letter, Tyson objects to Plaintiff's subpoena "as being overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of evidence admissible in the underlying action, encompassing documents protected from discovery by either the attorney/client privilege or the attorney work product doctrine, improperly seeking confidential, proprietary documents and an in improper attempt to circumvent the discovery rules of the State of Iowa by seeking documents through the process of the District of Kansas, apparently for use in the lawsuit filed by B&K Mechanical against IBP in the

---

[43] *Id.* (internal citations omitted).

[44] *See* April 5, 2004-letter from Tyson's counsel to Plaintiff's counsel making objections to Plaintiff's March 19, 2004-subpoena (Doc. 131), at Ex. B.  Fed. R. Civ. P. 45(c)(2)(B) provides that a subpoenaed person must, "within 14 days after service of the subpoena ... serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises."  Plaintiff's subpoena was served by mail on March 19, 2004, and, pursuant to the method of computation of time specified in Fed. R. Civ. P. 6, any objections would have been due from Tyson by April 5, 2004.

District Court of Dallas County, Iowa, Case No. EQCV 031898."[45]  Notably, Tyson does not assert that

Plaintiff's subpoena is invalid or that it was not issued by the correct court.[46]  Because Tyson does not

assert that Plaintiff's subpoena is invalid in its initial response, and because the court does not find any

unusual circumstance or good cause justifies its later assertion of that objection, the court finds that Tyson

has waived that objection to the subpoena.  Moreover, in light of the foregoing discussion, the court is

satisfied that Plaintiff's subpoena was properly issued in this district and that there is no merit to Tyson's

validity objection had it not been waived.

     As noted above, in the briefing related to the instant motion to compel, the only arguments asserted

by Tyson are that Plaintiff's subpoena is invalid as a result of being issued by this court and that it has

already produced all the documents in its possession, custody, or control responsive to plaintiff's subpoena.

Because Tyson has not renewed and substantiated any of the other objections contained in its initial

response to Plaintiff's subpoena, the court deems those objections to have been abandoned.  As such,

because Tyson does not at this time continue to assert any argument that Plaintiff's subpoena is unduly

burdensome, the court will not apply the "undue burden" analysis from *Ariel* and *Crafton*.

     With regard to Tyson's contention that it has already fully-complied and produced all documents

responsive to Plaintiff's subpoena, the court finds that Plaintiff has demonstrated significant questions with

regard to whether all responsive documents have been produced to merit an order compelling Tyson to

review its responses and supplement as needed with any previously unproduced documents.  Moreover,

---

[45] April 5, 2004-letter from Tyson's counsel to Plaintiff's counsel making objections to
Plaintiff's March 19, 2004-subpoena (Doc. 131), at Ex. B.

[46] April 5, 2004-letter from Tyson's counsel to Plaintiff's counsel making objections to Plaintiff's
March 19, 2004-subpoena (Doc. 131), at Ex. B.

Fed. R. Civ. P. 45(d)(1) provides that "[a] person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand."[47]  The District of Kansas has held that "absent some indication the requested documents were produced as they are kept in the usual course of business, the party responding to the requests is required to identify the particular documents or to organize and label them to correspond to the requests."[48]  Here, the evidence suggests that Tyson may not have produced the documents as they are kept in the usual course of business.  Therefore, the court will order Tyson to provide to Plaintiff an explanation of the documents that have been produced, identifying those documents by the manner in which they were kept in the usual course of business or by the request of Plaintiff to which they are responsive.

Because the court is granting Plaintiff's Motion to Compel Compliance With Subpoena (Doc. 131), an award of attorney's fees to Tyson is not appropriate.  Therefore, Tyson's request for attorney's fees is hereby denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Compliance With Subpoena (Doc. 131) is granted.

**IT IS FURTHER ORDERED** that Tyson shall, by **November 25, 2005**, produce to Plaintiff all documents responsive to numbered requests 1, 2, 4, 7, 8, and 9 of Plaintiff's subpoena served March 19, 2004.  If such documents are not produced as they are kept within the usual course of business, Tyson

---

[47] Fed. R. Civ. P. 45(d)(1).

[48] *Allianz Ins. Co. v. Surface Specialities, Inc.*, No. 03-2470-CM-DJW, 2005 U.S. Dist. LEXIS 301, *9 (D. Kan. Jan. 7, 2005) (interpreting the identical language of Fed. R. Civ. P. 34(b)).

shall identify particular documents or groups of documents and label them to correspond with Plaintiff's requests.

**IT IS FURTHER ORDERED** that Tyson shall, by **November 25, 2005**, provide Plaintiff with a detailed list of all documents responsive to numbered requests 6, 10, 11, 12, and 13 of Plaintiff's subpoena served March 19, 2004, identifying the quantity of the documents and their location(s).

**IT IS FURTHER ORDERED** that Tyson shall, by **November 25, 2005**, supplement its earlier disclosure(s) to numbered requests 6, 10, 11, 12, and 13 of Plaintiff's subpoena served March 19, 2004, providing to Plaintiff with an explanation of the documents that have been produced and identifying those documents by the manner in which they were kept in the usual course of business or by the request of Plaintiff to which they are responsive.

**IT IS SO ORDERED.**

Dated this 10th day of November, 2005, at Topeka, Kansas.


s/K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge

13