IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| B & K MECHANICAL, INC., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 03-4149-RDR |
| | ) | |
| MARK WIESE and FORREST | ) | |
| MARTINSON d/b/a CONTRACT | ) | |
| WELDING, | ) | |
| Defendants. | ) | |

## ORDER

This matter comes before the court upon the motion of defendant Mark Wiese to require plaintiff to bear the cost of production of defendant's Wells Fargo bank records or, alternatively, for the court to relieve him of the obligation to produce such records (Doc. 176). Plaintiff B & K Mechanical, Inc., has filed a response to defendant's motion (Doc. 179), to which defendant Wiese has not filed any reply. The time for any such reply has expired.[1] The court has reviewed defendant Wiese's motion and plaintiff's response and is now prepared to rule.

### I.    FACTS

Previously, plaintiff filed a motion with this court to compel defendant Wiese to produce certain documents requested in discovery (Doc. 115). Specifically, plaintiff's motion sought to compel defendant Wiese to respond to requests for production Nos. 10 and 12, which included "all bank

---

[1] *See* D. Kan. Rule 6.1(d)(1) ("Replies [to responses to nondispositive motions] shall be filed and served within 14 days of the service of the response.") Plaintiff's response was filed and served by entry into the court's CM/ECF system on December 9, 2005. Therefore, any reply needed to be filed on or before December 25, 2005.

statements and brokerage account statements from 1999 through 2004 for all bank accounts maintained by Mark Wiese personally, or in any business entity in which Mark Wiese has, or had, an interest either as owner, shareholder, member, director, officer, employee, including copies of deposits and canceled checks associated with such statements" and "all accounting records and their supporting documentation from 1999 through 2004 relating to Mark Wiese personally, or any business entity in which Mark Wiese has, or had, an interest either as an owner, shareholder, member, director, officer, or employee." Defendant Wiese filed a response in opposition (Doc. 122) which contested his obligation to produce based on an argument that such records were not within his possession, custody, or control. On September 21, 2005, this court ordered defendant Wiese to comply with plaintiff's request for production Nos. 10 and 12 by October 5, 2005 (Doc. 164). The court held that while the documents are not in the possession of defendant Wiese, they are nonetheless under his control.

## II.     PARTIES' ARGUMENTS

In his current motion, defendant Wiese contends that while he has subpoenaed "many of the institutions at issue and had produced records in compliance with this Court's order," the estimated cost of production for records held by Wells Fargo will be at least $2,500. Due to the expense, defendant Wiese asks the court to either relieve him "from the obligation to obtain and produce records from Wells Fargo" or to exercise the court's discretion under Fed. R. Civ. P. 26(c)(2) and require plaintiffs to bear the cost of production of the records held by Wells Fargo. Plaintiff has filed a response which maintains that defendant Wiese bears the financial burden of producing the records.

**III.   DISCUSSION**

Fed. R. Civ. P. 26(b)(1) provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party."[2]  Requests for production may be made for documents containing "matters within the scope of 26(b) and which are in the possession or control of the party upon whom the request is served."[3]  This court has previously determined that the documents subject to the instant motion are within the scope of discovery and under the control of defendant Wiese.

Fed. R. Civ. P. 26(c)(2) provides that "for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . (2) that the disclosure or discovery may be had only on specified terms and condition, including designation of the time or place."  Here, defendant Wiese did not raise the issue of burdensomeness in his Response in Opposition to Plaintiff's Motion to Compel Production of Documents (Doc. 122).  It is now too late for defendant Wiese to object to plaintiff's request for production Nos. 10 and 12 on that ground.  The court, however, will consider using its discretion to alter the terms and conditions of discovery.

**A.      ANALYSIS**

**1.  Duty to Confer**

As a threshold matter, the court will first examine whether defendant Wiese has satisfied the

---

[2] Fed. R. Civ. P. 26(b)(1).

[3] Fed. R. Civ. P. 34(a).

duty to confer, as required by D. Kan. Rule 37.2. "A 'reasonable effort to confer' means more than mailing or faxing a letter to the opposing party."[4]  "It requires that the parties in good faith converse, confer, compare views, consult and deliberate, or in a good faith attempt to do so."[5]  Here, the parties engaged in a series of interactive good faith communications aimed at resolving their dispute prior to Plaintiff's Motion to Compel.[6]  Further, prior to filing the instant motion, counsel for defendant Wiese and counsel for plaintiff exchanged letters specifically regarding who should bear the cost of producing the Wells Fargo records.  In light of the fact that the parties have previously conferred on several occasions in regard to Plaintiff's Motion to Compel, in addition to their efforts immediately prior to filing the instant motion, the court finds that the requirement has been met to put this motion properly before the court.

**2. Cost of Production**

Typically, the party responding to discovery bears the associated financial burden.  "Unless the task of producing or answering is unusual or extraordinary, the general rule requires the entity answering or producing the documents to bear that burden."[7]  This court previously determined that the Wells Fargo financial records are under the control of defendant Wiese.  Thus, in the absence of unusual or

---

[4] D. Kan. Rule 37.2.

[5] *Id.*

[6] *See* Plaintiff's Motion to Compel (Doc. 115), at Ex. 2 & 3.

[7] *Continental Illinois Nat. Bank & Trust Co. of Chicago v. Caton*, 136 F.R.D. 682, 685 (D. Kan. 1991) (citing *Jackson Jordan, Inc. v. Kyle Railways, Inc.*, No. 87-1059, 1988 U.S. Dist. LEXIS 19437, at *9 (D. Kan. Mar. 22, 1988)).

extraordinary circumstances, the burden and expense of such production falls on defendant Wiese.

Defendant Wiese does not provide the court with a particularized explanation of why he should not bear the cost of production. Instead, he simply requests relief based on the estimated cost of production ($2,500.00) calculated by Wells Fargo. The estimated cost of production, without more, does not provide the court with good cause to warrant relieving defendant Wiese of the obligation to produce records held by Wells Fargo or shifting the cost of production to the plaintiff. Because the party from whom discovery is sought typically bears the cost of production, and because defendant Wiese does not articulate any specific justification for why the cost of production is too onerous, the court does not find good cause to exercise its discretion under Fed. R. Civ. P. 26(c)(2). The court finds that the cost of obtaining records from Wells Fargo should not be shifted to the plaintiff, nor should defendant Wiese be relieved of his obligation to produce such records.

### IV.     CONCLUSION

Based upon the foregoing, the court concludes that Defendant Wiese's Motion That Plaintiff Be Required to Pay the Cost of Defendant Wiese Obtaining Bank Records is denied and defendant Wiese shall be required to fully respond to plaintiff's request for production Nos. 10 and 12.

**IT IS THEREFORE ORDERED** that defendant Wiese's motion (Doc. 176) is hereby denied.

**IT IS FURTHER ORDERED** that defendant Wiese shall, by **April 5, 2006**, unless otherwise agreed by the parties, produce to plaintiff any remaining records from Wells Fargo responsive to plaintiff's request for production Nos. 10 and 12 that he has not previously produced.

**IT IS SO ORDERED.**

Dated this 22nd day of March, 2006, at Topeka Kansas.

s/K. Gary Sebelius  
K. Gary Sebelius  
U.S. Magistrate Judge